IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RACE-WEST COMPANY, INC.,

       Plaintiff

vs.                                                  Case No. _____

DOUG SPECIALTIES, LLC
and DOUGLAS HABE, individually,

       Defendants
_____/

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Race-West Company, Inc. ("Race West") for its complaint against Defendants Doug Specialties, LLC ("Doug Specialties") and Douglas Habe ("Habe"), individually, alleges:

JURISDICTION AND VENUE

1.    Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499e(b) and 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. § 1331.

2.    Venue in this District is based on 28 U.S.C. § 1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants reside in this District.

PARTIES

3.    Plaintiff, Race-West, a Pennsylvania corporation with a principal place of business in Clarks Summit, Pennsylvania, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.  A copy of Race-West's PACA license information is submitted as Exhibit 1.

1

4.  a.  Defendant, Doug Specialties, a Florida limited liability company with its principal place of business in Pompano Beach, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA. A copy of Doug Specialties' PACA license information is submitted as Exhibit 2.

b.  Defendant, Habe, is and was a manager, member and/or officer of Doug Specialties who controlled the day-to-day operations of Doug Specialties and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5.  This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.  On July 25, 2023, Plaintiff sold and delivered to Defendants $26,100.00 worth of wholesale perishable agricultural commodities (the "Produce"), which had been shipped or moved in interstate commerce or contemplation thereof and in that stream of commerce common in the trade.

7.  Defendants accepted the Produce from Plaintiff.

8.  Plaintiff issued an invoice to Doug Specialties for the Produce. A copy of the Invoice is attached as Exhibit 3.

9.  Defendants have not paid for the Produce.

10. Plaintiff's invoice contains the following language required by 7 U.S.C. § 499e(c)(4) to preserve its rights under the PACA Trust:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these

commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

11.   Plaintiff preserved its interest in the PACA trust in the principal amount of $26,100.00.

12.   Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

13.   Under the PACA, Defendants are required to maintain the PACA trust so that the assets are freely available to pay the Produce seller and to make full payment promptly.

14.   Defendants failed and refused to pay Plaintiff, which demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

Count 1
(Failure to Pay Trust Funds – All Defendants)

15.   Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.   The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $26,100.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $26,100.00 to Plaintiff.

Count 2
(Failure to Pay for Goods Sold – Doug Specialties)

17.   Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.   Defendant Doug Specialties has failed and refused to pay Plaintiff the principal sum of $26,100.00 owed to Plaintiff for produce received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the principal amount of $26,100.00 in favor of Plaintiff and against Defendant Doug Specialties in the principal amount of $26,100.00.

Count 3
(Failure to Make Prompt Payment – Doug Specialties)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant Doug Specialties received each of the shipments on which this action is based.

21. Defendant Doug Specialties is required to promptly tender to Plaintiff full payment for the Produce received in those shipments pursuant to PACA.

22. Defendant Doug Specialties failed to pay for the Produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

23. As a direct and proximate result of Defendant Doug Specialties' failure to pay promptly, Plaintiff has incurred damages in the principal amount of $26,100.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of the principal sum of $26,100.00, plus interest, costs and attorney's fees.

Count 4
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Habe)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Defendant Habe is and was a manager, member and/or officer who operated Doug Specialties during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

26. Defendant Habe failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

27. Defendant Habe's failure to direct the defendant company to maintain PACA trust assets and pay Plaintiff for the Produce supplied was an unlawful dissipation of trust assets by a corporate official.

28. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Produce trust and has been denied payment for the Produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Habe in the principal amount of $26,100.00.

Count 5
(Breach of Personal Guaranty)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. Doug Specialties submitted a Credit Application to Plaintiff. A copy of the Credit Application is submitted as Exhibit 4.

31. The Credit Application included sections titled "Payment Terms Agreement" and "Personal Guarantee."

32. Under the Payment Terms Agreement, Doug Specialties, as the "Applicant," agreed to "pay all costs of collection, reasonable attorney's fees, court costs, prejudgment interest, and any other costs all of which shall be considered sums owing in connection with the underlying transactions under the PACA trust."

33. Habe signed the "Payment Terms Agreement" section on behalf of Doug Specialties.

34. Habe also signed the "Personal Guarantee," under which Habe personally guaranteed prompt and full payment of all amounts due under the Payment Terms Agreement.

35. Plaintiff demanded Habe pay the debt due.

36. Habe has not paid the debt owed to Plaintiff.

37. Habe's failure to make prompt and full payment of all amounts due to Plaintiff is a breach of the Personal Guarantee.

38. As a result of Habe's failure to pay Plaintiff for the Produce supplied by Plaintiff, Plaintiff has incurred damages in the principal amount of $26,100.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff requests entry of an Order against Habe for breach of the Personal Guarantee and requiring immediate payment of the principal sum of $26,100.00, plus interest, costs and attorney's fees.

Count 6
(Interest and Attorneys' Fees)

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. PACA and Plaintiff's invoices entitle Plaintiff to recover interest at the rate of 18% per annum and attorney's fees and costs in the event that Defendants violate their obligation under PACA and the invoices by failing to pay for the Produce.

41. As a result of Defendants' failure to make full payment promptly for the Produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

42. As a result of Defendants' continued failure to make payment for the Produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and

costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

43. Defendants' continued failure to make full payment promptly for the Produce sold and delivered to Defendants, entitles Plaintiff to recover interest and attorney's fees in enforcing the PACA trust and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for pre-judgment interest, costs, and attorney's fees.

Dated this 24th day of October, 2023.

> FURR AND COHEN, P.A.
> Attorney for Plaintiff
> 2255 Glades Road, Suite 419A
> Boca Raton, FL 33431
> (561) 395-0500/(561)338-7532-fax
>
> By /s/ Marc P. Barmat
> MARC P. BARMAT
> Florida Bar No. 0022365
> email: mbarmat@furrcohen.com

# Exhibit 1

# RACE WEST COMPANY

Print

## License

| | |
|---|---|
| License No. | 20011311 |
| Date Issued | 2001-07-06 |
| Anniversary Date | 2024-07-06 |
| Status | Active |

## Contacts

| | |
|---|---|
| Phone | (570) 586-7600 |
| Fax | (570) 586-5233 |
| Email | rachelpaukettcfo@race-west.com |
| Web Address | race-west.com |

## Business Address

| | |
|---|---|
| Address | 600 SOUTH STATE STREET |
| City | CLARKS SUMMIT |
| State | PA |
| Zip | 18411 |

## Mailing Address

| | |
|---|---|
| Address | |
| City | |
| State | |
| Zip | |

## Informal Complaints

| | |
|---|---|
| No. of Informal Reparation Complaints | 0 |
| No. of Disputed Informal Reparation Complaints | 0 |

## Formal Complaints

| | |
|---|---|
| No. of Formal Reparation Complaints | 0 |
| No. of Disputed Formal Reparation Complaint | 0 |
| Total Formal Claim Amount | $0.00 |

**Reported Principal(s) (First & Last Name, Entity Name, Estate or Trust Name)**

HARRIS CUTLER

**Trade Name(s)**

**Branch(es)**

| Branch Name | City | State |
|---|---|---|

# Exhibit 2

# DOUG SPECIALTIES LLC

🖨 Print

## 📋 License

**License No.**
20180118

**Date Issued**
2017-11-07

**Anniversary Date**
2023-11-07

**Status**
Active

## 👤 Contacts

**Phone**
(954) 675-6866

**Fax**

**Email**
ACCOUNTing@DOUGSPECIALTIES.org

**Web Address**

## 📍 Business Address

**Address**
1259 W ATLANTIC BLVD SUITE 122 A-B

**City**
POMPANO BEACH

**State**
FL

**Zip**
33069

## ✉ Mailing Address

**Address**

**City**

**State**

**Zip**

## 📋 Informal Complaints

**No. of Informal Reparation Complaints**
2

**No. of Disputed Informal Reparation Complaints**
0

## 📋 Formal Complaints

**No. of Formal Reparation Complaints**
0

**No. of Disputed Formal Reparation Complaint**
0

**Total Formal Claim Amount**
$0.00

### Reported Principal(s) (First & Last Name, Entity Name, Estate or Trust Name)

Douglas Habe

### Trade Name(s)

### Branch(es)

| Branch Name | City | State |
| --- | --- | --- |
| Doug Specialties | Pompano Beach | FL |

# Exhibit 3



# INVOICE

**Race-West Company**
600 South State Street
Clarks Summit, PA 18411
(570) 586-7600

**Invoice No:** 9237549
**Invoice Date:** 7/25/23

DOUG SPECIALTIES
3480 N 27TH AVENUE
UNIT E3
POMPANO BEACH , FL 33069

**DESTINATION**
DOUG SPECIALTIES
3480 N 27TH AVENUE
UNIT E3
POMPANO BEACH , FL 33069

**PAYMENT TERMS: P.A.C.A. TERMS**

| ORDER DATE | SHIP DATE | TERMS | PO # / RELEASE # | SHIP VIA |
|---|---|---|---|---|
| 07/18/2023 | 07/19/2023 | DELIVERED | | INTEGRITY 26626 NY |

| UNITS | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1,800 | 25 LB. US#1 JUMBO RED ONIONS | $14.5000 | $26,100.00 |

**ORIGIN:** Product of USA

**INVOICE TOTAL:** $26,100.00

**IMPORTANT: FOR ACCOUNTING PURPOSES, PLEASE LIST INVOICE LOT NUMBERS BEING PAID.**

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other product derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Interest on unpaid balance shall accrue at the higher of 18% per year or maximum statutory rate. Buyer agrees to pay interest and any and all attorneys' fees and costs necessary to collect any balance due hereunder. All interest, costs and attorneys' fees shall be considered sums owing in connection with this transactions under the PACA trust."

# Exhibit 4

B"H

The Philip L. Cutler Bldg.
600 S. State Street
Clarks Summit, PA 18411
email: spudsrus@icloud.com
www.race-west.com



Office: 570-586-5700
Fax: 570-586 5233
Cell: 570-313-9300
Home: 570-344-8111

**Harris Cutler**
President

# Race-West Company, Inc.
# Credit Application

**Company Information**

Company Name: Doug Specialties

Shipping Address: 3480 NW 27th Ave., Unit E3, Pompano Beach, FL 33069

Billing Address: _____

Phone#: 954-507-4433 / 954-675-6866    Fax#: _____

Type of Business: _____

Business Entity: Corporation ___  Partnership ___  Sole Proprietorship ___  LLC ✓

PACA License#: _____    Federal ID#: _____

Blue Book#: _____    DUNS#: _____

Years in Business: 6    Buyer Contact: Doug Habe

Controller Contact: Maria Breban

Phone#: 954-507-4433    E-mail: accounting@dougspecialties.org

Principal Owners/ Partners:

1. Name: Doug Habe    Title: Owner
   Phone#: 954-675-6866    E-mail: Sales@dougspecialties.org

2. Name: _____    Title: _____
   Phone#: _____    E-mail: _____





XXXX

1
Since 1973

The Philip L. Cutler Bldg.
600 S. State Street
Clarks Summit, PA 18411
mail: spudsrus@
www.race-west.com



Office: 570-586-5700
Fax: 570-586-5233
Cell: 570-313-9300
Home: 570-344-8111

## Harris Cutler
President

**Bank Reference**

Bank: Chase Bank          Type of Account: Checking

Bank Contact: _____          Title: _____

Phone #: 954-247-0520     E-mail: _____

Account: ███████████

**Credit References**

1. G███████████

   ███████████

   ███████████

   ███████████

   ███████████

   ███████████                                    Business: 10




B"H

The Philip L. Cutler Bldg.
600 S. State Street
Clarks Summit, PA 18411
email: spudsrus@icloud.com
www.race-west.com



Office: 570-586-5700
Fax: 570-586-5233
Cell: 570-313-9300
Home: 570-344-8111

**Harris Cutler**
President

**Accounts Payable**

Contact Name: _Maria Breton_

E-mail: _Accounting @ dogspecial_   Phone #: _954-507-4433_

Signed POD Required?  Yes ___  No _X_

Desired Method of Invoicing:

_X_ E-mail (preferred) -E-mail: _Accounting@dogspecialties.org_

___ Fax - #: _____

___ Mail - Address: _____

**Payment Terms Agreement**

The applicant has carefully reviewed the information in this credit application and certifies that it is complete and accurate. The information included in this application is for use by Race-West Company, Inc. in determining the amount and conditions of credit being extended.

It is understood that Race-West Company, Inc. may also utilize other sources of credit information, which it considers necessary in making this determination. The applicant hereby authorizes the bank and trade references listed in this application to release the information necessary to assist Race-West Company, Inc. in making credit determinations. The applicant agrees to pay its account within the terms of PACA net 10 days as stated on each invoice from Race-West Company, Inc. unless otherwise specified by written agreement.

Failure to remain within terms could result in the applicant's account being placed on hold. In the event of default, the applicant will pay all costs of collection, reasonable attorney's fees, court costs, pre judgment interest, and any other costs all of which shall be considered sums owing in connection with the underlying transactions under the PACA trust.

Applicant Signature: _[signature]_   Date: _7/26/22_

Printed Name: _Doug Habe_



XXXX

3
Since 1973

The Philip L. Cutler Bldg.
600 S. State Street
Clarks Summit, PA 18411
email: spudsrus@icloud.com
www.race-west.com



Office: 570-586-5700
Fax: 570-586-5233
Cell: 570-313-9300
Home: 570-344-8111

## Harris Cutler
President

### Personal Guarantee

In consideration in the sale of produce and upon credit approval by Race-West Company, Inc. to the applicant, I/we unconditionally guarantee to Race-West Company, Inc., its successors and assigns, the prompt and full payment of all debts accumulated under the Payment Terms Agreement. If the applicant fails to perform all or any portion of the liabilities guaranteed by the Payment Terms Agreement, the undersigned, immediately upon written demand, will pay Race-West Company, Inc. all amounts due. The payment obligations of the undersigned Guarantor are the direct, primary, and continuing obligations of the Guarantor and the Guarantor's heirs, successors, and assigns, and not merely a guarantee of collection. If there are multiple Guarantors, their obligation is joint and several.

Guarantor Signature: _____ Date: 7/26/22

Printed Name: Doug Habe

Witness: Maria Prieto



4
Since 1973

