IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RACE-WEST COMPANY, INC.,

        Plaintiff

vs.                                             Case No. 23-cv-62031-RS

DOUG SPECIALTIES, LLC
and DOUGLAS HABE, individually,

        Defendants
_____/

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

      Plaintiff Race-West Company, Inc., by and through counsel, submits this Memorandum in Support of its Motion for Entry of Default Judgment against Defendants Doug Specialties, LLC ("Doug Specialties") and Douglas Habe ("Habe"), jointly and severally.

      Rule 55(b)(1) of the Federal Rules of Civil Procedure states, in relevant part

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter a judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  In all other cases, Rule 55(b)(2) provides for the party entitled to a judgment by default to apply to the court therefor.  Defendants have failed to plead or otherwise present any defense to the allegations contained in the complaint within the time provided by law, and Defendants owe to Plaintiff a sum certain.   Therefore, as explained herein, Default Judgment is appropriate.

## BACKGROUND

Plaintiff commenced this action on October 24, 2023, to recover payment pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, for wholesale quantities of produce that were sold and delivered to Doug Specialties in interstate commerce on July 25, 2023. [D.E. 1.]

Under the PACA, Defendants are required to make full payment promptly for the produce they purchased, 7 U.S.C. § 499b(4), and pursuant to Section 5(c) of the PACA, 7 U.S.C. § 499e(c) (the "Trust Provision"), Defendants must hold all produce and its proceeds in trust until full payment is made of "all sums owing in connection with" the produce transactions. The term "all sums owing in connection with" has been interpreted by the 11th Circuit and other courts throughout the country to include interest on past-due balances and attorneys' fees when the produce seller's invoices include such language. Plaintiff's invoice provides for interest at 1.5% per month on past-due balances and for the recovery of attorneys' fees and costs.

In addition to the produce company's liability, the officers and directors of a produce buyer company, such as Habe, are fiduciaries of the PACA trust and therefore are individually liable for the PACA trust debts of that produce buyer.

On November 30, 2023, the Clerk of the Court entered Defendants' Defaults [D.E. 9] Accordingly, Plaintiff requests that default judgment be entered against the Defendants pursuant to Rule 55(b)(1) and/or (2) of the Federal Rules of Civil Procedure and the Trust Provision for the unpaid principal balance due, plus interest and attorneys' fees.

## DEFAULT JUDGMENT STANDARD

Once the Clerk of the Court enters default, all well-pleaded allegations in the Complaint are deemed admitted. *See U.S. v. Ruetz,* 334 Fed. Appx. 294, 295 (11th Cir. 2009). The Court then

reviews the facts and determines whether they state a claim upon which relief can be granted. A*nheuser-Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003)

## ARGUMENT

A. <u>Doug Specialties Is Liable to Race-West Under the PACA</u>

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. 45737. Produce dealers must make "full payment promptly" for any produce they purchase. 7 U.S.C. § 499b(4).

Companies that buy and sell wholesale quantities of produce, which is defined "as aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received," are subject to the PACA and must be licensed. 7 U.S.C. § 499c; 7 C.F.R. § 46.2(x).

In 1984, Congress added the Trust Provision to the PACA to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." 1984 U.S.C.C.A.N. 406; *see Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000); *see also Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (". . . the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries").

The Trust Provision imposes a <u>statutory trust</u> on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers, and brokers. 7 U.S.C. § 499e(c)(2). Produce buyers must maintain the trust for the benefit of all unpaid suppliers and sellers of the produce "until full payment of the sums owing in connection with" the produce sales has been received. 7 U.S.C. §

499e(c)(4); 7 C.F.R. § 46.46.(e)(1). The trust is continuous and arises upon the commencement of the produce purchaser's business and remains in existence throughout the life of the purchaser's business. *Tanimura & Antle, Inc., et al.*, 222 F.3d 132; *see In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990).

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." *Id.*

Produce suppliers must provide notice to the buyer of their intent to preserve trust benefits, and licensed dealers may do so by including the following language on the face of their invoices:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. § 499e(c)(4).

Attorneys' fees, costs, and interest are "sums owing in connection with" the transaction to which a PACA claimant is entitled; provided that a "contractual right arose from the exchange of contractual communications and [a PACA claimant's] invoices, then [the PACA claimant] has a right under PACA to enforce the full scope of its perishable agricultural commodities contract." *Middle Mountain Land and Produce, Inc. v. J.R. Simplot Company*, 307 F.3d 1220, 1224-25 (9th Cir. 2002); *see also Country Best v. Christopher Ranch, LLC,* 361 F.3d 629, 632 (11th Cir. 2004) (finding that the term "sums owing in connection with" includes "not only the price of

commodities but also . . . attorneys' fees and interest that buyers and sellers have bargained for in their contracts.").

This Court has jurisdiction over this matter pursuant to 7 U.S.C. § 499e(c)(5).

The following facts are not in dispute:

1. Plaintiff and Defendant Doug Specialties are and were licensed dealers under the PACA at all relevant times. *See* D.E. 1, *Complaint*, at ¶¶ 3 and 4; Declaration of Harris S. Cutler in Support of Plaintiff's Motion for Entry of Default Judgment ("Harris Dec."), at ¶¶ 3-4.

2. On July 25, 2023, Race West sold one load of wholesale quantities of produce to Defendants at the agreed total invoice price of $26,100.00. Complaint, at ¶ 6; Harris Dec., at ¶ 7.

3. Defendants accepted the produce but have failed to make full payment for the produce delivered, despite repeated demands. *Complaint,* at ¶¶ 7 and 9; Harris Dec., at ¶¶ 8 and 10.

4. Plaintiff properly preserved its PACA trust rights by including the language required by 7 U.S.C. § 499e(c)(4) on its invoices to Doug Specialties. *See Complaint,* at ¶ 10; Harris Dec., at ¶ 9.

5. An award of contractual interest at 1.5% per month (18% per annum) and attorneys' fees and costs is a term of the parties' agreements regarding Defendants' purchase of produce from Plaintiff. Harris Dec., at ¶ 16.

6. Doug Habe signed a personal guarantee for the debt owed by Doug Specialties to Plaintiff. Harris Dec., at ¶¶ 12-15.

7. On December 4, 2023, Defendants issued a payment to Race West in the amount of $10,000.00, leaving the principal balance of $16,100.00 plus interest, attorneys' fees, and costs due and owing. Harris Dec., at ¶¶ 11 and 13.

These facts establish that Plaintiff sold produce to Defendant Doug Specialties. Defendants accepted the produce but did not pay for it. Plaintiff preserved it interest in the PACA Trust. As a result, Plaintiff is entitled to judgment against Defendant Doug Specialties under the PACA for the principal amount remaining in the amount of $16,100.00, plus interest, attorneys' fees and costs.

Doug Specialties owes interest calculated at the rate of 18% per annum through December 20, 2023, in the amount of $1,697.33. Doug Specialties also owes total attorneys' fees through December 12, 2023, in the amount of $9,085.00, and total costs in the amount of $911.99. The Declarations of Plaintiff's Counsel, Marc Barmat of Furr & Cohen, and Blake Surbey of McCarron & Diess are submitted herewith in support of those fees and costs.

B. Doug Habe is Individually Liable Pursuant to The PACA and By Virtue of His Personal Guarantee.

Individuals who are in a position to oversee the proper application of the PACA trust assets, such as Habe, who do not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, have breached a fiduciary duty and are personally liable for that tortious act. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701 (2d Cir. 2007) (PACA trustee cannot escape all liability for entering into a transaction that results in a large loss of PACA assets merely by showing the transaction was commercially reasonable); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); *Red's Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339 (M.D. Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was

intentional or whether individual was responsible corporate officer); *see also Bronia, Inc. v. Ho.*, 873 F. Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust); *In re Harper*, 150 B.R. 416 (Bankr. E.D. Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation").

The bases for this holding are the common law trust principles that (1) fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, *Coosemans Specialties, Inc.*, *supra*; *In re Harper*, *supra*, and (2) trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. *Restatement Second of Trusts* § 174.

Habe was the owner, officer, director and/or reported principal of Doug Specialties. *See* Cutler Dec., at ¶¶ 4, 10, 12, 15; and Complaint, at ¶¶ 4b, 25 and 26. Accordingly, he is responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay Plaintiffs all sums owing in connection with the produce sales. *Golman-Haydean Co., Inc.*, *supra*; *Red's Market*, *supra*. Having failed to fulfill his duties as a trustee, he is liable, with Doug Specialties, to Plaintiff, the trust beneficiary, for the PACA trust debt owed, and Plaintiff seeks entry of judgment against Defendant Habe along with Defendant Doug Specialties, jointly and severally, under the Section 5(c) of the PACA, 7 U.S.C. § 499e(c) for his failure to fulfill his fiduciary duties.

In addition to Habe's liability pursuant to the trust provision of the PACA, Mr. Habe signed a personal guarantee that stated in relevant part,

> In consideration in the sale of produce and upon credit approval by Race-West Company. Inc. to [Doug Specialties], I/we unconditionally guarantee to Race-West

Company, Inc. its successors and assigns, the prompt and full payment of all debts accumulated under the Payment Terms Agreement. If [Doug Specialties] fails to perform all or any portion of the liabilities guaranteed by the Payment Terms Agreement, the undersigned, immediately upon written demand, will pay Race West Company, Inc. all amounts due. The payment obligations of the undersigned Guarantor are the direct primary, and continuing obligations of the Guarantor and the Guarantor's heirs, successors, and assigns. and not merely a guarantee of collection.

*See* Harris Dec., at ¶¶ 10, 12-15; Complaint, at ¶¶ 30 - 36.

Race-West sent a demand letter for payment to Doug Specialties and Habe, yet he and they did not pay as required.   Harris Dec., at ¶ 10.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests entry of judgment by default against defendants Doug Specialties, LLC and Douglas Habe, jointly and severally, in the total amount of $27,794.32, which includes the unpaid principal amount of $16,100.00, interest owed on that debt through December 20, 2023, in the amount of $1,697.33, attorneys' fees through December 12, 2023, in the total amount of $9,085.00, and costs in the total amount of $911.99 for Defendants' failure to plead or otherwise defend this action as fully appears from the court file herein, all pleadings filed in this action, and from the attached declarations of Plaintiff's representative and counsel.

Dated this 21st day of December 2023.

        FURR AND COHEN, P.A.
        Attorney for Plaintiff
        2255 Glades Road, Suite 419 A
        Boca Raton, FL 33431
        Telephone: 561-395-0500
        Facsimile: 561-338-7532

By: /s/ Marc P. Barmat
        MARC P. BARMAT
        Florida Bar No. 0022365
        E-Mail: mbarmat@furrcohen.com